**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**LARRY BLAINE PAINTER**                                                                                            **PETITIONER**
Reg # 14746-045

VS.                              CASE NO.: 2:07CV00160 BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                              **RESPONDENT**

**ORDER**

**I.    Introduction:**

Pending is Petitioner Larry Blaine Painter's Petition for Writ of Habeas Corpus (docket entry #2).  Respondent responded to the petition by filing a Motion to Dismiss (#5).  For the following reasons, the Motion to Dismiss (#5) will be GRANTED, and this Petition for Writ of Habeas Corpus (#2) will be DENIED and DISMISSED without prejudice.

**II.   Background:**

Petitioner was sentenced to term of imprisonment of 180 months in the Western District of Missouri on August 25, 2003, for the crime of illegal transport of firearms, in violation of 18 U.S.C. § 922(g)(1) and (3).  He is currently serving his sentence at the Federal Correctional Institution, Forrest City, Arkansas ("FCI-FC").

After his conviction, Petitioner appealed his sentence to the Eighth Circuit Court of Appeals on the ground that the sentencing court should not have considered a prior California burglary conviction as a crime of violence for purposes of applying an

enhanced sentencing provision, 18 U.S.C. § 924(e). The Court of Appeals rejected Petitioner's argument and affirmed the district court's judgment. *U.S. v. Painter*, 400 F.3d 111 (8th Cir. 2005).

On November 21, 2006, Petitioner filed for relief with the district court in the Western District of Missouri under 28 U.S.C. § 2255, arguing that the prior burglary conviction should have been considered a misdemeanor, not a felony, for purposes of sentencing. *Painter v. U.S.*, 2007 WL 1051682 (W.D.Mo. 2007). The district court rejected this contention and denied the § 2255 petition. The Court of Appeals denied Petitioner's motion for a Certificate of Appealability.

On December 31, 2007, Petitioner brought the current petition for writ of habeas corpus under 28 U.S.C. § 2241. In his § 2241 petition, Petitioner seemed to contend that a prior escape conviction in Missouri should not have been considered at his sentencing on the firearms charges in the Western District of Missouri. Petitioner's current custodian, Warden T.C. Outlaw, responded by filing a motion to dismiss (#5), arguing that Petitioner's current claim is, in fact, a claim under § 2255, and is procedurally barred because it could have been raised in Petitioner's prior § 2255 petition. Respondent also argues that Petitioner improperly filed the current petition without seeking permission from the Court of Appeals to file a successive § 2255 petition.

Petitioner responded (#8) to the motion to dismiss stating that he is not challenging his federal sentence. According to Petitioner's response, he is challenging his prior

Missouri escape conviction. Petitioner acknowledges that his prior Missouri conviction had an effect on his federal sentence. He contends, however, that he is not challenging that effect or the federal sentence itself. Petitioner also states that he has exhausted all state remedies available for challenging his state conviction and that the challenge to his state conviction was not previously ripe.

This Court ordered Petitioner to provide information about the Missouri conviction he wishes to contest (#9). Petitioner responded to the Court's order (#13) and provided enough information for this Court to address the pending petition.

### III.     Analysis of Petitioner's Claims:

In order to contest the validity of a federal conviction or sentence, an inmate generally must bring an action under 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147, 125 S.Ct. 2984 (2005). Petitioner concedes that he cannot contest his federal sentence through the pending petition. Instead, Petitioner contests the validity of a Missouri state conviction for escape. Unfortunately for Petitioner, this Court lacks jurisdiction to address the validity of his Missouri conviction.

Petitioner pled guilty to escape in Missouri's Howell County Circuit Court. The Court entered the judgement of conviction on March 5, 1981, and Petitioner received a sentence of two years in the Missouri Department of Corrections (#13). Petitioner completed serving this sentence long ago and is no longer in custody under the state

conviction. Once a federal inmate is no longer in custody under a state sentence, the federal court lacks jurisdiction to hear a challenge to the state sentence. *Love v. Tippy*, 128 F.3d 1258 (8th Cir. 1997) (citing *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir.), *cert. denied*, 516 U.S. 926, 116 S.Ct. 328, 133 L.Ed.2d 229 (1995)). Clearly, Petitioner's Missouri escape conviction affected his federal sentence. However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. This is true even when the challenged state conviction is used to enhance the federal sentence. *Id*.

Without jurisdiction, this Court cannot address the merits of the pending habeas petition. Accordingly, the petition (#2) must be dismissed without prejudice. See *Kahn v. Kahn*, 21 F.3d 859, 862 (8th Cir. 1994) (when the court lacks jurisdiction, and expresses no opinion as to the merits of the claim or whether the action could be brought in state court, the dismissal should be without prejudice).

**IV. <u>Conclusion</u>:**

This Court does not have jurisdiction to provide the relief requested by Petitioner. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (#2) is DENIED and DISMISSED in its entirety, without prejudice.

IT IS SO ORDERED this 11th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE